**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JESSE WATKINS, | Civil Action No. 13-2169 (FLW) |
| Plaintiff, | |
| v. | **OPINION** |
| MICHELLE RICCI, et al., | |
| Defendants. | |

**APPEARANCES**:

    JESSE WATKINS #025457B
    New Jersey State Prison
    P.O. Box 861
    Trenton, NJ 08625
    Plaintiff *Pro Se*

**WOLFSON, District Judge**:

Jesse Watkins, who is confined at New Jersey State Prison ("NJSP") in New Jersey, seeks to file a Complaint asserting claims against former NJSP Administrator Michelle Ricci, Cookhouse Supervisor G. Hanuschik, First Shift Assistant Supervisor J. Howard, and John Doe, another First Shift Supervisor at NJSP. This Court will grant Plaintiff's application to proceed *in forma pauperis*. For the reasons expressed in this Opinion, and as required by 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), this Court will dismiss the Complaint.

**I. BACKGROUND**

Plaintiff asserts the following facts, which this Court is required to regard as true for the purposes of this review. He alleges that while working in the kitchen of NJSP on April 19, 2011, First Shift Supervisor John Doe directed him to move the empty bread racks and stacks of wheels

out of the production box because the truck had arrived to pick them up. Plaintiff asserts that, as he exited the production box with the stacks of wheels, his left foot went into an uncovered drainage hole, he heard something snap, and he fell backwards, hitting his head and neck on a cart before landing on the floor. Plaintiff alleges that Corrections Officer Matthews radioed the sergeant and called a code, as Plaintiff's foot was caught in the drainage hole and he was in severe pain. Plaintiff states that two nurses and hospital porters placed Plaintiff on a gurney and took him to the clinic, where he was examined by a doctor, given an injection for pain, and admitted to the infirmary. Plaintiff asserts that he remained in the infirmary from April 19, 2011, through April 22, 2011, and he was placed in a special housing unit because of his injuries on June 25, 2011. Plaintiff further asserts that he filed grievances on April 25, 2011, and July 26, 2011, and he wrote to Administrator Ricci on August 29, 2011, but he received no responses to his grievances.

Plaintiff asserts that Administrator Ricci, Cookhouse Supervisor G. Hanuschik, First Shift Assistant Supervisor J. Howard, and First Shift Supervisor John Doe were aware of the uncovered drainage hole, as they had seen it. He contends that "Defendants had no legitimate penological interest and/or concerns justifying leaving the drainage hole uncovered, and their failure to act displayed deliberate indifference and reckless disregard for plaintiff's safety in response to avoiding a foreseeable risk [and was] objectively unreasonable in light of plaintiff's clearly established Eighth Amendment right to reasonable care and safety." (Complaint, ECF No. 1 at 12-13.) Plaintiff further contends that "Defendants were well aware of the uncovered drainage hole in the Cookhouse and failed to exercise ordinary skill, care and knowledge to avoid foreseeable risk to plaintiff that was within the common knowledge of lay people." (ECF No. 1 at

13.) For violation of his Eighth Amendment rights and his rights under State law, he seeks declaratory relief, an injunction directing Defendants to cover the drainage hole, damages, and other relief that is just.

## II. STANDARD OF REVIEW

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis, see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 28 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* This action is subject to *sua sponte* screening for dismissal under these statutes because Plaintiff is proceeding *in forma pauperis,* he is a prisoner, and he seeks redress from a governmental entity.

"[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim[1], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)).

inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

### III. DISCUSSION

A.  Federal Jurisdiction

Federal courts are courts of limited jurisdiction. *See Mansfield, C. & L. M. Ry. Co. v. Swan*, 111 U.S. 379, 383 (1884). "[T]hey have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986). Section 1983 of Title 42 of the United States Code provides a cause of action for violation of constitutional rights by a person acting under color of state law.[2] To recover under § 1983, a plaintiff must show two elements: (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

---

[2] The statute provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

Liberally construing Plaintiff's allegations, the Court reads the Complaint as attempting to state a claim under the Eighth Amendment and § 1983 for failure to adequately protect him from injury due to an uncovered drainage hole, while he worked in the cookhouse of NJSP. Plaintiff asserts that he became severely injured when his foot got caught in an uncovered drainage hole, that the named Defendants had seen and were aware of this hole, and that they failed to take reasonable steps to cover it or otherwise protect him and others from foreseeable injury. The problem with Plaintiff's Eighth Amendment claims against Defendants is that his allegations indicate that Defendants were negligent in failing to take reasonable measures, but negligence does not rise to the level of a constitutional violation. *See Davidson v. Cannon*, 474 U.S. 344 (1986) (holding that prison official's negligent failure to protect inmate from assault by another inmate because official "mistakenly believed that the situation was not particularly serious" does not state a claim under § 1983); *Daniels v. Williams*, 474 U.S. 327 (1986) (holding that inmate's allegations that he was injured when he slipped on a pillow that was negligently left on the stairs by a deputy sheriff does not state claim under § 1983). Because negligence is not sufficient to state a claim under 42 U.S.C. § 1983, this Court will dismiss the federal claims for failure to state a claim upon which relief may be granted.[3] *See Small v. Visinsky*, 386 F.App'x 297, 299 (3d Cir. 2010) ("Eighth Amendment liability under 42 U.S.C. § 1983 requires more than ordinary lack of due care for the prisoner's interests or safety.") (quoting *Whitley v. Albers,* 475 U.S. 312, 319 (1986)); *Franco-Calzada v. United States*, 375 F.App'x 217 (3d Cir. 2010) (holding that officials' failure to inspect and rectify faulty ladder attached to his bunk bed, which caused his fall and injury, was

---

[3] This Court will deny Plaintiff's motion for appointment of counsel as moot.

negligence that does not rise to a constitutional violation of the Eighth Amendment or Due Process Clause).

B.  Amendment

A District Court generally grants leave to correct the deficiencies in a complaint by amendment. See DelRio-Mocci v. Connolly Properties Inc., 672 F.3d 241, 251 (3d Cir. 2012); Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000). However, in this case, where Plaintiff's allegations clearly show negligent conduct at worst, this Court will not grant leave to amend because amendment would be futile.[4]

### III.  CONCLUSION

For the reasons set forth in this Opinion, this Court will grant Plaintiff's application to proceed *in forma pauperis*, dismiss the Complaint, and deny the motion for appointment of counsel.

_____
FREDA L. WOLFSON, U.S.D.J.

DATED: __4/8/__, 2014

---

[4] Nothing in this Opinion prevents Plaintiff from pursuing relief on any claims arising under State law in State court. In addition, if Plaintiff believes that he can assert facts which would show that one or more Defendants were more than negligent, then he may apply to reopen this case and to file an amended complaint.